UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

IN RE:

PETITION OF SLADE MONGELLI,
as titled owner of and for one 2004 21' Polar       8:23-cv-1618-TPB-CPT
Boats Runabout vessel, HIN #MJIA6058H304,
her engines, tackle, and appurtenances,

    Petitioner.
_____/

**O R D E R**

Before the Court are the Petitioner's *Motion for Entry of Order Approving Ad Interim Stipulation and Directing Issuance of Monition and Injunction* and the Petitioner's *Motion Directing Court to Issue Notice of Petition*. (Docs. 4, 5). For the reasons discussed below, the Petitioner's motions are denied without prejudice.

I.

Petitioner Slade Mongelli is the owner of a 21-foot Polar Boats Runabout vessel (the Vessel) that was involved in a maritime incident on or about November 19, 2022, while the Vessel was in the waterways of Sarasota Bay, Florida (the Incident). (Doc. 1). The Incident allegedly occurred when a non-party was operating the Vessel and struck a submerged, unknown object, which caused a passenger, Cary O'Donnell, to be injured. *Id.*

In July 2023, the Petitioner filed a complaint seeking to minimize, if not eliminate altogether, his exposure to any liability arising from the Incident pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.* (the Act) and Rule F of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure (Supplemental Rule F). *Id.* Simultaneously upon filing his complaint, the Petitioner submitted an *Ad Interim Stipulation of Value and Stipulation for Costs* (Ad Interim Stipulation) as security for any claims stemming from the Incident. (Doc. 3). The Petitioner represents in the Ad Interim Stipulation that the value of the Vessel was $4,904.45[1] at the conclusion of the November 19, 2022, voyage. (Docs. 1, 3).

By way of the instant motions, the Petitioner now asks that the Court (1) approve the Ad Interim Stipulation; (2) issue a monition and notice to all potential claimants; and (3) impose an injunction under Supplemental Rule F precluding the further prosecution of any proceedings against the Petitioner arising from any claims subject to limitation. (Docs. 4, 5).

II.

The Act grants a vessel owner, like the Petitioner, the right to confine his liability for damages or injuries arising from a maritime accident to the vessel's value or the owner's interest in the vessel and pending freight, provided that the accident occurred without the owner's privity or knowledge. 46 U.S.C. § 30523; *Beiswenger*

---

[1] The Petitioner arrived at this figure by subtracting the post-incident repair costs of $15,095.55 from the "Agreed Value of the Vessel," which he states is $20,000. (Doc. 1 at 4).

*Enters. Corp. v. Carletta*, 86 F.3d 1032, 1036 (11th Cir. 1996). Federal courts have "exclusive admiralty jurisdiction" to determine whether a vessel owner is entitled to such a limitation of liability. *Beiswenger*, 86 F.3d at 1036–37 (citations omitted).

Both the Act and Supplemental Rule F set forth the procedures for limitation actions. Pursuant to these provisions, a vessel owner seeking to invoke the Act's protections must file a complaint in federal court for limitation of liability no later than six months after receiving written notice of a claim. 46 U.S.C. § 30529; Fed. R. Civ. P. Supp. F(1).

For the benefit of claimants, the owner must also deposit with the court (1) a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or (2) approved security therefor. 46 U.S.C. § 30529(b)(1)(A); Fed. R. Civ. P. Supp. F(1). "The posting of proper and adequate security is a condition precedent to obtaining the benefits of the [Act], and [a] district court [has] discretion to require [an owner] to post security in one of the approved forms." *N.Y. Marine Mgrs., Inc. v. Helena Marine Serv.*, 758 F. 2d 313, 317 (8th Cir. 1985) (internal citation omitted); *see also Luhr Bros. Inc. v. Gagnard*, 765 F. Supp. 1264, 1268 n.4 (W.D. La. 1991) ("The court possesses great discretion in determining just what constitutes appropriate security.") (citing *Complaint of Kingston Shipping Co., Inc.*, 1982 A.M.C. 134 (M.D. Fla. 1981)); *Karim v. Finch Shipping Co.*, 1998 WL 713396, at *1 (E.D. La. Oct. 6, 1998) ("The [c]ourt has an absolute right to determine what constitutes approved security.") (internal quotation marks and citation omitted). Once the vessel owner complies with

the above provisions, the Act authorizes a court to stay all proceedings against the owner or the owner's property with respect to the matter in question, and to direct all potential claimants to file their claims against the owner in federal court within a specified period. Fed. R. Civ. P. Supp. F(3), (4).

In this case, as noted above, the Petitioner requests that the Court approve his Ad Interim Stipulation as security for all those who may file claims in the action. (Doc. 4). "Security is a 'term that is usually applied to an obligation, pledge, mortgage, deposit, lien, etc., given by a debtor in order to make sure the payment or performance of [his] debt, by furnishing the creditor with a resource to be used in case of failure in the principal obligation.'" *In re Hollis B. Corp.*, 2016 WL 8732310, at *5 n.1 (D. V.I. Sept. 30, 2016) (quoting *Black's Law Dictionary* (rev. 4th ed. 1968)). The term "security" "may also refer 'to one who becomes surety or guarantor for another.'" *Id*.

While ad interim stipulations are often deemed adequate to safeguard the interests of potential claimants, *The Ontario No. 1*, 80 F. 2d 85, 87 (2d Cir. 1935), the Petitioner's stipulation gives the Court pause here. In that stipulation, the Petitioner states he will:

> issue no more than the sum of [$4,904.45] . . . in the form of a surety Letter of Undertaking ([LOU]) with interest at a rate to be determined by the Court from the date hereof and costs, and [the] Petitioner will issue said LOU and/or file said LOU into the Court within fifteen (15) days after the demand therefore by any claimant.

4

> [Alternatively, the] Petitioner will pay and/or deposit a surety bond in the Court's registry, within fifteen (15) days after the entry of an [o]rder confirming the report of a commissioner to be appointed to appraise the amount of value of the Petitioner's interest in the Vessel, the amount or value of such interest is thus ascertained and ordering the posting of said bond, if demanded by any claimant, or will file in this proceeding a [s]tipulation for [v]alue in the usual form, and that after giving of the [s]tipulation of [v]alue in the usual form, this [s]tipulation shall stand as security for all claims in the said limitation of liability proceeding *in lieu* of said bond, until such time as any claimant demands the posting of a bond or the Court so orders.

(Doc. 3 at 2).

"[W]hen a shipowner submits an *ad interim* stipulation, the stipulation is 'a substitute for the vessel itself.'" *In re Hollis B. Corp.*, 2016 WL 8732310, at *5 (quoting *Hartford Accident & Indem. Co. v. S. Pac. Co.*, 273 U.S. 207, 218–19 (1927)). To qualify as "approved security" under Supplemental Rule F sufficient to protect the interests of claimants, "an *ad interim* stipulation should [therefore] provide a guarantee of payment in line with the guarantee afforded by holding the vessel in trust 'for the benefit of [the] claimants.'" *Id.* (quoting Fed. R. Civ. P. Supp. F(1)).

The Petitioner's Ad Interim Stipulation, however, is not accompanied by an LOU guaranteeing such payment. LOUs are customarily offered by petitioners who opt to post security in lieu of depositing cash into the court's registry. *See In the Matter of Carpe Diem 1969 LLC*, 2018 WL 1463687, at *2 (D. V.I. Mar. 23, 2018) (stating that ad interim stipulations should require "at the very least" an LOU "executed by an appropriate surety" in order to "provide a guarantee of payment in line with the

5

guarantee afforded by holding the vessel in trust") (citations omitted); *In re Nat'l Maint. & Repair, Inc.*, 2009 WL 3579161, at *1 (S.D. Ill. Oct. 27, 2009) ("'Approved security' includes [LOUs], as 'it has been the practice for many years in the maritime industry to accept [LOUs] given by underwriters, domestic or foreign, in order to avoid the detention of vessels and the expense of posting security in other forms.'") (quoting *Matter of Compania Naviera Marasia S.A., Atlantico*, 466 F. Supp. 900, 902 (S.D.N.Y. 1979)). Nor does the Petitioner identify a surety that would guarantee payment of any potential obligations in this action. *Cf. In re Everglades Island Boat Tours, LLC*, 2013 WL 315468, at *2 (M.D. Fla. Jan. 9, 2013) (approving an ad interim stipulation which stated that surety would be executed by the International Fidelity Insurance Company), *report and recommendation adopted*, 2013 WL 315418 (M.D. Fla. Jan. 28, 2013); *In re Chambers*, 2010 WL 55580, at *1 (M.D. Fla. Jan. 5, 2010) (noting that the ad interim stipulation was supported by the OneBeacon Insurance Company as surety).

Absent such assurances, the Court is not persuaded that the Petitioner's Ad Interim Stipulation will protect the claimants in the manner contemplated by the Act and the Supplemental Rules, even with the Petitioner's vow to issue an LOU or deposit a surety bond following a demand by a claimant (Doc. 3 at 2). *See Matter of Carpe Diem 1969 LLC*, 2019 WL 332792, at *3 (D. V.I. Jan. 25, 2019) (approving an amended ad interim stipulation that cured initial deficiencies of failing to identify a surety or provide an LOU guaranteeing the surety's payment). Accordingly, the Petitioner's

*Motion for Entry of Order Approving Ad Interim Stipulation and Directing Issuance of Monition and Injunction* (Doc. 4) and the Petitioner's *Motion Directing Court to Issue Notice of Petition* (Doc. 5) are denied without prejudice.

SO ORDERED in Tampa, Florida, this 9th day of August 2023.

_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record