UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

IN RE:

PETITION OF SLADE MONGELLI,
as titled owner of and for one 2004 21' Polar          8:23-cv-1618-TPB-CPT
Boats Runabout vessel, HIN #MJIA6058H304,
her engines, tackle, and appurtenances,

    Petitioner.
_____/

## ORDER APPROVING SECURITY, DIRECTING ISSUANCE OF MONITION, AND RESTRAINING PROSECUTION OF CLAIMS

Before the Court is the Petitioner's *Motion for Entry of Order Approving Amended Ad Interim Stipulation and Directing Issuance of Monition and Injunction*. (Doc. 17). For the reasons discussed below, the Petitioner's motion is due to be granted as described herein.

Petitioner Slade Mongelli is the owner of a 21-foot Polar Boats Runabout vessel (the Vessel) that was involved in a maritime incident on or about November 19, 2022, while the Vessel was in the waterways of Sarasota Bay, Florida (the Incident). (Doc. 1). The Incident allegedly occurred when a non-party was operating the Vessel and struck a submerged, unknown object, which caused a passenger, Cary O'Donnell, to be injured. *Id.*

In July 2023, the Petitioner filed a complaint seeking to minimize, if not eliminate altogether, his exposure to any liability arising from the Incident pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.* (the Act) and Rule F of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure (Supplemental Rule F). *Id.* In his complaint and accompanying *Ad Interim Stipulation of Value and Stipulation for Costs*, the Petitioner represented that the value of the Vessel was $4,904.45[1] at the conclusion of the November 19, 2022, voyage. (Docs. 1, 3).

In July 2023, the Petitioner filed a *Motion for Entry of Order Approving Ad Interim Stipulation and Directing Issuance of Monition and Injunction*. (Doc. 4). The Petitioner's submission, however, did not include a Letter of Undertaking (LOU)[2] or identify a surety that would guarantee payment of any potential obligations. *Id.* As a result, the Court denied the Petitioner's motion without prejudice. (Doc. 11).

After amending his complaint, the Petitioner filed the instant motion, along with an *Amended Ad Interim Stipulation of Value and Stipulation for Costs*. (Docs. 12, 14,

---

[1] The Petitioner arrived at this figure by subtracting the post-incident repair costs of $15,095.55 from the "Agreed Value of the Vessel," which he stated was $20,000. (Doc. 1 at 4).

[2] LOUs are customarily offered by petitioners that opt to post security in lieu of depositing cash into a court's registry. *See In the Matter of Carpe Diem 1969 LLC*, 2018 WL 1463687, at *2 (D.V.I. Mar. 23, 2018) (citations omitted) (stating that *ad interim* stipulations should require "[a]t the very least" an LOU "executed by an appropriate surety" in order to "provide a guarantee of payment in line with the guarantee afforded by holding the vessel in trust"); *In re Nat'l Maint. & Repair, Inc.*, 2009 WL 3579161, at *1 (S.D. Ill. Oct. 27, 2009) ("'Approved security' includes [LOUs], as 'it has been the practice for many years in the maritime industry to accept [LOUs] given by underwriters, domestic or foreign, in order to avoid the detention of vessels and the expense of posting security in other forms.'") (quoting *Matter of Compania Naviera Marasia S.A., Atlantico*, 466 F. Supp. 900, 902 (S.D.N.Y. 1979)).

17). In addition, the Petitioner contemporaneously filed with these submissions a LOU signed by a representative of GEICO Marine Insurance Company (GEICO), as security for any claims stemming from the Incident. (Doc. 13). In its LOU, GEICO states that it will guarantee payment of any potential obligations in this action up to $4,904.45, together with costs and interest at six percent. (Docs. 16, 17). Based upon these representations, the Petitioner now requests that the Court (1) approve the security; (2) issue a monition to all potential claimants; and (3) impose an injunction under Supplemental Rule F precluding the further prosecution of any proceedings against the Petitioner arising from any claims subject to limitation. (Doc. 17).

Upon due consideration of the matter, the Court finds that the Petitioner's motion (Doc. 17) is sufficiently supported. Accordingly, it is hereby ORDERED:

1. The Petitioner's motion (Doc. 17) is granted.

2. The Amended Ad Interim Stipulation for the value of the Vessel, in the amount of $4,904.45, together with costs within the meaning of Supplemental Rule F(1), and with annual interest at six percent, filed by the Petitioner as principal and GEICO as surety, is accepted as adequate security and is approved as to form and quantum. *See* (Docs. 13, 14).

3. The Petitioner and any claimant who may properly become a party hereto may contest the amount or value of the Petitioner's interest in the Vessel as fixed in the Amended Ad Interim Stipulation; may move the Court for due appraisal of said interest; and may apply to have the amount of said interest increased or decreased, as the case may be, upon the Court's determination of the amount or value

of said interest or to carry out the provisions of 46 U.S.C. § 30501, *et seq.* for personal injuries, property damage, or any other claims resulting from the Incident.

4. If the amount of the Amended Ad Interim Stipulation is not disputed by any claimant, the Amended Ad Interim Stipulation shall stand as a stipulation for value and an appraisal shall not be required.

5. The Clerk of Court shall issue the attached Monition advising and admonishing all persons or entities asserting claims for any and all losses, damages, injuries, deaths, or destruction allegedly resulting from the Incident, to file their respective claims with the Clerk of Court, United States District Court for the Middle District of Florida, located at 801 North Florida Avenue, Tampa, Florida 33602 **on or before November 8, 2023**, and to serve or mail copies thereof to the Petitioner's attorney, Charles S. Davant, at Davant Law, P.A., 12 Southeast 7th Street, Suite 601, Fort Lauderdale, FL 33301, or be defaulted.  If any claimant desires to contest the Petitioner's right to exoneration from or limitation of liability, such claimant shall file and serve on the Petitioner's counsel an answer to the amended complaint on or before said date, unless his/her claim has included an answer to the amended complaint so designated, or be defaulted.

6. The Notice of Monition in the form required by Supplemental Rule F and by the Admiralty and Maritime Practices Manual shall be published in a newspaper of general circulation in the appropriate county or counties once a week for four (4) consecutive weeks prior to the date fixed for the filing of claims in accordance with Supplemental Rule F and the Admiralty and Maritime Practice Manual.

7. No later than the date of the second weekly publication, the Petitioner shall mail a copy of said notice to every person or entity known by the Petitioner to have a claim against him arising out of the Incident set forth in the amended complaint. In addition, the Petitioner shall mail said notice to any decedent at the decedent's last known address and also to any person who shall be known to have made any claim on account of such death.

8. The commencement or further prosecution of any action or proceeding against the Petitioner, the Vessel, or other property of the Petitioner with respect to any claims for which the Petitioner seeks exoneration from or limitation of liability herein, including any claim arising out of or incident to or connected with any loss, damage, injury, death, or destruction, more fully described in the amended complaint, be and the same is hereby restrained, stayed, and enjoined until the hearing and determination of this action.

9. Service of this Order as a restraining order in this District may be made in the usual manner as in any other federal district by the United States Marshal's delivery of a certified copy of this Order on the person(s) to be restrained or to their respective attorney(s), or, alternatively, by mailing a conformed copy of the Order to the person(s) to be restrained or to their respective counsel.

SO ORDERED in Tampa, Florida, this 29th day of August 2023.

*Christopher P. Tuite*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record