UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

IN RE:

PETITIONER OF SLADE MONGELLI,
as titled owner of and for one 2004 21' Polar                    8:23-cv-1618-TPB-CPT
Boats Runabout vessel, HIN #MJIA6058H304,
her engines, tackle, and appurtenances,

    Petitioner.
_____/

## REPORT AND RECOMMENDATION

    Before me on referral is the Petitioner's *Motion for Entry of Final Default Judgment for Exoneration from Liability Against all Claimants not Filing a Claim in this Action*. (Doc. 25). For the reasons discussed below, I respectfully recommend that the Petitioner's motion be granted.

I.

    As averred in his complaint, Petitioner Slade Mongelli is the owner of a 21-foot Polar Boats Runabout vessel (the Vessel) that was involved in a maritime incident on or about November 19, 2022, while the Vessel was in the waterways of Sarasota Bay, Florida (the Incident). (Doc. 1). According to the Petitioner, the Incident occurred when a non-party was operating the Vessel and struck an unknown, submerged object, which caused a passenger, Cary O'Donnell, to be injured. *Id.*

In July 2023, the Petitioner filed a complaint seeking to minimize, if not eliminate altogether, his exposure to any liability arising from the Incident pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.* (the Act) and Rule F of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure (Supplemental Rule F). *Id.* Simultaneously upon filing his complaint, the Petitioner submitted an *Ad Interim Stipulation of Value and Stipulation for Costs* (Ad Interim Stipulation) as security for any claims stemming from the Incident. (Doc. 3).

The Petitioner's submission, however, did not include a Letter of Undertaking (LOU) [1] or identify a surety that would guarantee payment of any potential obligations. (Docs. 3, 4, 5). As a result, the Court denied without prejudice the Petitioner's request to approve the Ad Interim Stipulation. (Doc. 11).

The Petitioner subsequently amended his complaint and then filed a second motion seeking an order both approving an *Amended Ad Interim Stipulation of Value and Stipulation for Costs* (Amended Ad Interim Stipulation) and directing the issuance of a monition. (Docs. 12, 14, 17). In addition, the Petitioner contemporaneously filed

---

[1] LOUs are customarily offered by petitioners that opt to post security in lieu of depositing cash into a court's registry. *See In the Matter of Carpe Diem 1969 LLC*, 2018 WL 1463687, at *2 (D.V.I. Mar. 23, 2018) (citations omitted) (stating that *ad interim* stipulations should require "[a]t the very least" an LOU "executed by an appropriate surety" in order to "provide a guarantee of payment in line with the guarantee afforded by holding the vessel in trust"); *In re Nat'l Maint. & Repair, Inc.*, 2009 WL 3579161, at *1 (S.D. Ill. Oct. 27, 2009) ("'Approved security' includes [LOUs], as 'it has been the practice for many years in the maritime industry to accept [LOUs] given by underwriters, domestic or foreign, in order to avoid the detention of vessels and the expense of posting security in other forms.'") (quoting *Matter of Compania Naviera Marasia S.A., Atlantico*, 466 F. Supp. 900, 902 (S.D.N.Y. 1979)).

with these submissions a LOU signed by a representative of GEICO Marine Insurance Company as security for any claims derived from the Incident. (Doc. 13).

Not long after, the Court approved the Petitioner's Amended Ad Interim Stipulation for the value of the Vessel, authorized the issuance of a Monition to all possible claimants, and imposed an injunction precluding the further prosecution of any proceedings against the Petitioner arising from any claims subject to limitation. (Doc. 18). The Monition endorsed by the Court established a November 8, 2023, deadline for potential claimants to file with the Clerk of Court their respective claims or answers or be defaulted. (Doc. 19). The Petitioner published the Monition in the *Business Observer* for a period of four successive weeks prior to the cutoff for the submission of claims. (Doc. 20-1). The Petitioner also mailed a copy of the Monition to Mr. O'Donnell before the second publication date. (Doc. 25 at 3).

In September 2023, the Petitioner settled his claim with Mr. O'Donnell. *Id.* And roughly two months later, the Petitioner requested and obtained a clerk's default against all unknown possible claimants. (Docs. 23, 24).

The instant motion followed. (Doc. 25). By way of that submission, the Petitioner now asks that a default judgment be entered against the non-appearing potential claimants pursuant to Federal Rule of Civil Procedure 55(b)(2) and Supplemental Rule F(5). *Id.*

II.

Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is

shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  After the entry of a clerk's default, a plaintiff may apply for a default judgment either to the clerk or to the court.  Fed. R. Civ. P. 55(b).  This two-step procedure has been found to apply to admiralty actions, which—like this one—are brought pursuant to the Act.  *See, e.g.*, *In re Complaint of Wild Fla. Airboats, LLC*, 2017 WL 3891777, at *2 (M.D. Fla. Aug. 29, 2017) (citation omitted), *report and recommendation adopted*, 2017 WL 3877598 (M.D. Fla. Sept. 5, 2017).

In such cases, the Supplemental Rules set forth strict time frames for providing notice to possible claimants and for the filing of claims.  Supplemental Rule F(4) states, in pertinent part:

> [A] court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice.  The date so fixed shall not be less than [thirty] days after issuance of the notice. . . .  The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims.  The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

Fed. R. Civ. P. Supp. F(4).

Supplemental Rule F(5) further instructs that once notice has been given, all claims "shall be filed and served on or before the date specified in the notice provided[.]"  Fed. R. Civ. P. Supp. F(5).  Supplemental Rule F(5) additionally specifies

4

that "[i]f a claimant desires to contest either the right to exoneration from or the right to limitation of liability[,] the claimant shall file and serve an answer to the complaint unless the claim has included an answer." *Id.*

Under these rules, a default judgment may be entered against each party who fails to submit a claim within the period designated by a court, as long as the petitioner has supplied the requisite notice. *See Matter of Paradise Family, LLC*, 2022 WL 4110729, at *2 (M.D. Fla. Aug. 19, 2022), *report and recommendation adopted sub nom.*, *In re 2021 19' Hurricane M/V El Nino*, 2022 WL 4110276 (M.D. Fla. Sept. 8, 2022); *Matter of Freedom Marine Sales, LLC*, 2019 WL 3848875, at *2 (M.D. Fla. July 31, 2019), *report and recommendation adopted*, 2019 WL 3835945 (M.D. Fla. Aug. 15, 2019); *Matter of Newport Freedog, LLC*, 2018 WL 3687986, at *2 (M.D. Fla. July 16, 2018), *report and recommendation adopted sub nom.*, *Newport Freedog, LLC v. Pepin*, 2018 WL 3656475 (M.D. Fla. Aug. 2, 2018).

Here, as described above, the Petitioner has complied with all the necessary notice requirements. (Docs. 20, 20-1); (Doc. 25 at 3). Moreover, the deadline for any possible claimants to file a claim or answer has expired, and a clerk's default has been entered against them. (Doc. 24). Accordingly, a default judgment against the non-appearing potential claimants is warranted at this juncture pursuant to Rule 55(b).

### III.

Based upon the foregoing, I respectfully recommend:

1. The Court grant the Petitioner's motion for a default judgment. (Doc. 25).

5

2.  The Clerk of Court be directed to enter a Final Judgment for Exoneration by Default in the Petitioner's favor and against all claimants who have not filed claims in this action.

Respectfully submitted this 2nd day of February 2024.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Thomas P. Barber, United States District Judge
Counsel of record